IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| CHERYL FERNANDEZ, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-729-A |
| | § | |
| ALLSTATE TEXAS LLOYDS, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of plaintiffs, Cheryl Fernandez and Joel Fernandez, to remand. The court, having considered the motion, the response of defendant Allstate Texas Lloyds ("Allstate"), the record, and applicable authorities, finds that the motion should be denied.

I.

Plaintiffs' Claims

On August 11, 2017, plaintiffs filed their original petition in the 153rd Judicial District Court of Tarrant County, Texas, asserting claims against Allstate and its adjustor, Bobby McGraw ("McGraw"), arising out of the alleged failure to pay all damages plaintiffs said arose from a wind and hail storm that occurred on or about January 15, 2017. Doc.[1] 1, Ex. A. On September 8, 2017, Allstate filed its notice of removal, bringing the action before this court. Allstate alleged the existence of diversity

---

[1]The "Doc.___" reference is to the number of the item on the docket in this action.

jurisdiction, noting that McGraw (who, like plaintiffs, is a citizen of the State of Texas) had been improperly joined. Doc. 1 at 2-3.

Plaintiffs allege that they are insureds under a property insurance policy issued by Allstate; that their property suffered damage as a result of a storm; and that Allstate failed to pay the full amount of their loss. As for McGraw, plaintiffs plead: McGraw "assisted with adjusting the claim." Doc. 13, App. 8. McGraw was improperly trained and failed to perform a thorough investigation, spending no more than 30 minutes inspecting the roof and exterior of their home. Id. at 10. McGraw verbally misrepresented that there was limited damage attributable to the storm. Id. Further:

> McGraw misrepresented the value of Plaintiffs' damages in his estimate when he underpaid Plaintiffs' loss. McGraw further misrepresented the value of Plaintiffs' loss, on his own behalf and on behalf of Allstate in writing to Plaintiffs in a letter dated February 26, 2017 when they failed to include damages obviously covered under their policy and underpaid their loss.

Id. at 10-11.

Plaintiffs assert claims against Allstate for breach of contract, violation of the prompt payment provision of the Texas Insurance Code, unfair settlement practices in violation of the Insurance Code and Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Comm. Code §§ 17.41-.63. and breach

of duty of good faith and fair dealing. They assert claims against McGraw for unfair settlement practices under Tex. Ins. Code § 541.060(a).

II.

## Ground of the Motion

Plaintiffs say that Allstate cannot show the existence of diversity jurisdiction because they have stated claims against McGraw, the non-diverse defendant.

III.

## Applicable Legal Principles

A. Removal

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[2] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of

---

[2] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B. Fraudulent or Improper Joinder

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). Because Allstate has not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A Rule 12(b)(6)-type analysis

of plaintiffs' claims appears to be the proper method here to determine whether there exists a reasonable basis for a conclusion that plaintiffs might be able to recover against McGraw.

C. The Pleading Standard to be Used in the Rule 12(b)(6)-Type Analysis

Although there has been some uncertainty as to the pleading standard to be applied, the Fifth Circuit has most recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a nondiverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., 818 F.3d 193, 208 (5th Cir. 2016).[3] Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550

---

[3]The court notes that Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule and that Texas courts have interpreted their Rule 91a as requiring a Federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See, e.g., Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.–Houston [14th Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.–Beaumont 2014, pet. denied). Thus, the outcome would be the same if the court were to apply the Texas pleading standard.

U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific

task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Claims alleging violations of the Texas Insurance Code and the Texas DTPA as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). Berry v. Indianapolis

Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

IV.

Analysis

This is but another in a long line of cases where plaintiffs join an insurance adjustor in an attempt to defeat federal court jurisdiction.[4] Plaintiffs say that they have stated claims against McGraw but they have done little more than track statutory language of the Insurance Code. Plaintiffs' obligation to provide the grounds of their entitlement to relief requires more than a formulaic recitation of the elements of a cause of action or mere labels and conclusions. Iqbal, 556 U.S. at 678.

Here, plaintiffs have done nothing more than make conclusory allegations without any plausible facts to support them. Unlike the cases they cite[5], where specific facts were pleaded to supplement the recitation of statutory elements, plaintiffs have

---

[4]See, e.g., Aguilar v. State Farm Lloyds, No. 4:15-CV-565-A, 2015 WL 5714654 (N.D. Tex. Sept. 28, 2015); Parish v. State Farm Lloyds, No. 4:15-CV-339-A, 2015 U.S. Dist. LEXIS 79293 (N.D. Tex. June 18, 2015); Ogden v. State Farm Lloyds, No. 4:15-CV-139-A, 2015 WL 3450298 (N.D. Tex. May 28, 2015); Gonzalez v. State Farm Lloyds, No. 4:15-CV-305-A, 2015 WL 3408106 (N.D. Tex. May 27, 2015); Vann v. Allstate Texas Lloyds, No. 4:15-CV-277-A, 2015 WL 2250243 (N.D. Tex. May 12, 2015); SYP-Empire L.C. v. Travelers Cas. Ins. Co. of Am., No. 4:15-CV-213-A, 2015 WL 2234912 (N.D. Tex. May 12, 2015); Davis v. Metropolitan Lloyds Ins. Co., No. 4:14-CV-957-A, 2015 WL 456726 (N.D. Tex. Feb. 3, 2015); Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 WL 11474841 (N.D. Tex. Sept. 25, 2014).

[5]Doc. 12 at 8 n.27.

made no attempt to spell out the who, what, when, where, and how of the purported statutory violations. And, in any event, the purported misrepresentations relate only to the investigation and scope of damage. Plaintiffs do not allege any facts regarding misrepresentations about the details of the policy. See Mainali Corp. v. Covington Specialty Ins. Co., No. 3:15-CV-1087-D, 2015 WL 5098047, at *3 (N.D. Tex. Aug. 31, 2015).

As for the alleged claim pursuant to Tex. Ins. Code § 541.060(a)(2)(A), regarding the failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, Allstate notes that the provision does not apply to adjustors, such as McGraw.[6] Doc. 15 at 8 n. 25. Meritt Buffalo Events Ctr., L.L.C. v. Cent. Mut. Ins. Co., No. 3:15-CV-3741-D, 2016 WL 931217, at *4 (N.D. Tex. Mar. 11, 2016); McClelland v. Chubb Lloyd's Ins. Co., No. 5:16-CV-00108, 2016 WL 5791206, at *3 (W.D. Tex. Sept. 30, 2016). Likewise, § 541.060(a)(3). Id. n.28. McClelland, 2016 WL 5791206, at *3; Mainali Corp., 2015 WL 5098047, at *4. In any event, plaintiffs did not plead any facts to show that liability under the policy had become reasonably

---

[6]The court is not persuaded by cases to the contrary. See Roach v. Allstate Veh. & Prop. Ins. Co., No. 3:15-CV-3228-G, 2016 WL 795967 (N.D. Tex. Feb. 29, 2016)(decided under the Texas pleading standard). In any event, in this case, plaintiffs have not pleaded that McGraw had authority to effectuate any settlement. Rather, they plead that he "assisted with adjusting the claim," Doc. 13, App. 8, and "was tasked with the responsibility of conducting [the] investigation" of their claim. Id., App. 15.

clear; nor have they pleaded any facts to support the failure to promptly provide a reasonable explanation for the determination regarding coverage.

Finally, there can be no recovery for extra-contractual damages for mishandling claims unless the complained of acts or omissions caused an injury independent of those that would have resulted from a wrongful denial of policy benefits. Parkans Int'l LLC v. Zurich Ins. Co., 299 F.3d 514, 519 (5th Cir. 2002). In other words, the manner in which the claim was investigated must be the proximate cause of the damages alleged. Provident Am Ins. Co. v. Castaneda, 988 S.W.2d 189, 198-99 (Tex. 1998). Here, plaintiffs have not alleged such a separate injury.

After a study of plaintiffs' state court pleading, and a review of applicable authorities, for essentially the same reasons given in the cases cited in footnote 4 why the claims adjustors were improperly joined in those cases, the court concludes that plaintiffs named McGraw as a defendant in this action for the purpose of attempting to defeat federal court jurisdiction. This defendant was improperly joined. None of the claims asserted against him would survive a motion to dismiss for failure to state a claim upon which relief may be granted, with the consequence that his citizenship should be disregarded in determining whether diversity jurisdiction exists. And, the

court has concluded, for the same reason, that the claims against McGraw should be dismissed.

V.

Order

The court ORDERS that plaintiffs' motion to remand be, and is hereby, denied.

The court further ORDERS that plaintiffs' claims against McGraw be, and are hereby, dismissed without prejudice.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiffs' claims against McGraw.

The court further ORDERS that the caption of this action be, and is hereby, amended to reflect that Allstate is the sole defendant.

SIGNED October 27, 2017.

JOHN MCBRYDE
United States District Judge