

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
DEC 19 2017
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHERYL FERNANDEZ, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | NO. 4:17-CV-729-A |
| | § | |
| ALLSTATE TEXAS LLOYDS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of defendant, Allstate Texas Lloyds, for partial dismissal. The court, having considered the motion, the response of plaintiffs, Cheryl Fernandez and Joel Fernandez, the record, and applicable authorities, finds that the motion should be granted.

I.

Background

On August 11, 2017, plaintiffs filed their original petition in the District Court of Tarrant County, Texas, 153rd Judicial District, asserting claims against defendant and its adjustor. The action was removed to this court on the basis of diversity jurisdiction. Plaintiffs filed a motion to remand, which was denied by memorandum opinion and order signed October 27, 2017. The court determined that the adjustor had been improperly joined and dismissed plaintiffs' claims against him. By separate order signed October 27, 2017, the court ordered the parties to replead

in keeping with the requirements of the Federal Rules of Civil Procedure, Local Civil Rules of the court, and the undersigned's judge-specific requirements.

On November 8, 2017, plaintiffs filed their amended complaint, which basically tracks the language of the original petition but omits references to the insurance adjustor by name. Plaintiffs assert causes of action for breach of contract, violation of the prompt payment provisions of the Texas Insurance Code, §§ 542.051-.061, unfair settlement practices in violation of Texas Insurance Code § 541.060(a), violation of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-.63 ("DTPA"), and breach of duty of good faith and fair dealing.

II.

Grounds of the Motion

Defendant asserts that plaintiffs have not pleaded sufficient facts to state any plausible extra-contractual claims.

III.

Applicable Pleading Principles

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief,"

Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679.

3

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting

4

fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading "the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Claims alleging violations of the Texas Insurance Code and the Texas DTPA as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

IV.

Analysis

Defendant maintains that plaintiffs have failed to plead sufficient facts to support their extra-contractual claims. In response, plaintiffs cite to their conclusory allegations, but do

not point to facts alleged in the amended complaint. For example, they contend that paragraph 13 of the amended complaint includes specific facts "to support its [sic] allegations." Doc.[1] 23 at 4. Paragraph 13 says:

> Allstate assigned an adjuster to inspect the property, investigate the damages, and advise Allstate of the adjustment of the claim. Despite obvious visible wind and hail damage caused by the storm, Allstate's adjustor, verbally misrepresented to Plaintiffs at the time of the inspection that there was only limited damage to roof shingles, damage to the gutters and various window screens attributable to the hail and wind storm and Plaintiffs' policy did not warrant coverage for a full replacement of the roof. On the contrary, Allstate's policy pay [sic] for all covered damages from hail and wind, which includes full replacement of the roof.

Doc. 20 at 3. No specific facts are alleged. Rather, plaintiffs argue that the "specific date and time should be documented in the claims file in possession of Allstate." Doc. 23 at 5. They cite no authority to support the proposition that defendant's alleged knowledge of the facts is sufficient to meet plaintiffs' burden of pleading plausible claims.

Plaintiffs' pleading deficiencies were the subject of the court's memorandum opinion and order signed October 27, 2017, Doc. 17, yet plaintiffs failed to address these deficiencies in their amended complaint. As defendant notes, plaintiffs do not allege what defendant should have done to conduct a reasonable

---

[1] The "Doc. __" reference is to the number of the item on the docket in this action.

6

investigation. See Luna v. Nationwide Prop. & Cas. Ins. Co., 798 F. Supp. 2d 821, 827 (S.D. Tex. 2011). Nor are there any allegations regarding what was substandard about the inspection performed. Id. Moreover, plaintiffs have not pleaded facts to show an independent injury from breach of contract. Parkans Int'l LLC v. Zurich Ins. Co., 299 F.3d 514, 519 (5th Cir. 2002). Rather, it is clear from plaintiffs' pleading, conclusory as it is, that the dispute is over the amount to be paid under the insurance contract. By plaintiffs' own admission, the policy would cover replacement of the roof, but the limited damage observed by the insurance adjustor did not warrant its replacement. Doc. 20 at 3, ¶ 13. That plaintiffs disagree with the adjustor's observations does not give rise to extra-contractual claims, at least not as pleaded here.[2]

In sum, plaintiffs have not pleaded facts to show the who, what, when, where, and how of their extra-contractual claims. They simply rely on the single factual allegation that they noticed missing shingles on their roof followed by a host of conclusory allegations. Therefore, the court is granting defendant's motion.

---

[2] The court notes that the Supreme Court of Texas has granted rehearing in USAA Tex. Lloyds Co. v. Menchaca, No. 14-0721, 2017 WL 1311752 (Tex. Apr. 7, 2017), discussed by the parties. The case did not provide any guidance that would have affected the outcome of this action in any event, the question here being the sufficiency of plaintiffs' pleading.

V.

Order

The court ORDERS that defendant's motion partial motion to dismiss be, and is hereby, granted, and that plaintiffs' claims other than breach of contract be, and are hereby, dismissed.

SIGNED December 19, 2017.

_____
JOHN McBRYDE
United States District Judge